# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Martha Jean Hayes,

       Plaintiff,

    v.

The City of Brooklyn Park; Sgt. Steve
Palmquist, Officer Thomas Minster and
Officer Bruce Shores, acting in their
individual capacities as Brooklyn Park
Police Officers,

       Defendants.

**MEMORANDUM OPINION
AND ORDER**

Civil No. 04-196 ADM/JSM

---

Mark J. Schneider, Esq., Rondoni & Schneider, Ltd., Golden Valley, MN, on behalf of Plaintiff.

Jon K. Iverson, Esq. and Jason M. Hiveley, Esq., Iverson Reuvers, Bloomington, MN, on behalf
of the Defendants.

---

      On May 4, 2005, Defendants became entitled to tax costs incurred in the defense of the

above captioned matter after the Court granted judgment in their favor.  Plaintiff and Defendants

subsequently agreed to a Judgment by Confession ("the agreement"), whereby Defendants

agreed not to tax costs in exchange for Plaintiff's promise to either 1) pay $3,000 to the Iverson

Reuvers LLC Trust Account on or before July 31, 2006 as the full and final satisfaction of the

costs incurred by Defendants, or alternatively 2) pay $1,000 to the Iverson Reuvers LLC Trust

Account in ten monthly installments of $100 each on ten pre-determined dates, beginning on

August 31, 2005, and ending on May 31, 2006.  Ex. A [Docket No. 44].  The agreement further

stated that if any of the installment payments was not paid on or before the specified due date,

the installment payment option would be cancelled and Plaintiff would be required to fulfill her

obligation to the Defendants by paying $3,000.  Id.  As of September 8, 2005, Defendants have

not received any installment payments from Plaintiff.  Hiveley Aff. [Docket No. 43].  Defendants

now ask the Court to grant their Motion for Judgment Awarding Costs to Defendants [Docket

No. 42] based on Plaintiff's failure to make installment payments.

Under the terms of the agreement, Plaintiff has forfeited her right to pay ten monthly

installments of $100 to Defendants as satisfaction of her obligation to pay Defendants' costs.

However, the agreement also states in paragraph four that in the alternative, Plaintiff has until

July 31, 2006 to pay $3,000 to Defendants as full and final satisfaction of their costs incurred.

Until July 31, 2006 Plaintiff still has the legal ability to fulfill her contractual obligation.

Therefore, Defendants' motion for costs is premature.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS

HEREBY ORDERED** that Defendants' Motion for Judgment Awarding Costs to Defendants

[Docket No. 42] is **DENIED**.

BY THE COURT:


_____s/Ann D. Montgomery_____
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  November 10, 2005.